

Paul L. Breed, OSB #83161
plb@plbreed.net
Paul L. Breed, P.C.
500 Yamhill Plaza Bldg.
815 S.W. Second Ave.
Portland, Oregon 97204
Telephone: (503) 226-1403
Facsimile: (503) 223-1516

FILED'10 SEP 23 15:49USDC-ORP

Attorney for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **AARON REID,** | Civil No. **CV '10 - 1 1 5 9  HA** |
| Plaintiff, | **COMPLAINT** |
| v. | Employment Discrimination—Race, 42 U.S.C. § 2000e-2(m); Employment Discrimination—Retaliation 42 U.S.C. § Section 2000e-3(a); Employment Discrimination—Race, 42 U.S.C. § 1981; 42 U.S.C. § 1983; Employment Discrimination-Race, ORS 659A.030(a); Employment Discrimination-Retaliation ORS 659A.030(f) |
| **OREGON STATE UNIVERSITY and RICK VERLINI,** | |
| Defendants. | |
| | **JURY DEMAND** |

1.

This is an action under Title VII, 42 U.S.C. §§ 2000e, *et seq*, 42 U.S.C. § 1981, and 42

U.S.C. § 1983 to correct unlawful employment practices and discrimination and to vindicate

plaintiff's civil rights.

Page 1 - **COMPLAINT**

36077

**JURISDICTION**

2.

This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e(5)(f)(3), 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

3.

On or about July 29, 2009, plaintiff filed a perfected charge of discrimination with the Equal Employment Opportunity Commission (EEOC) Charge No. 846-2009-2168238DA2 00168. By letter dated June 23, 2010, the EEOC issued plaintiff notice of his right to file suit within 90 days of receipt thereof. With respect to state law claims the Oregon Bureau of Labor and Industries issued a Notice of Right to File a Civil Suit, Case # EEEMRC090804-91231, on August 4, 2010. Plaintiff has exhausted his administrative remedies. This lawsuit was timely commenced within 90 days of receipt of the above described notices.

4.

By letter dated July 8, 2009, plaintiff filed a timely Tort Claim Notice under ORS 30.275 with the Oregon Department of Administrative Services.

**PARTIES**

5.

At all times material, plaintiff Aaron Reid was a citizen of the United States, and served as an employee of the defendant Oregon State University ("University")

6.

At all times material, defendant University was a public institution of secondary education, employed in excess of 500 employees, and was engaged in an industry affecting commerce. At all times material, unless otherwise specified, all actions or failure to take actions

attributed herein to defendant University (or, in the case of failures to take actions, not taken)

were taken by agents, servants or employees of said defendant, acting in the course and scope of

their employment for defendant University.

7.

At all times material, defendant Rick Verlini was Captain of the Research Vessel

Wecoma.  At all times material, unless otherwise specified, all actions or failure to take actions

attributed herein to Defendant Verlini were taken (or, in the case of  failures to take actions, not

taken) in said defendant's official capacity as Captain, while acting in the course and scope of

said defendant's employment in said position.

### STATEMENT OF FACTS

8.

Plaintiff was hired by defendant University on or about January 2004 as an Assistant

Mess Cook on the Research Vessel Wecoma.    He served as defendant's employee until the

involuntary termination of his employment on or about February 5, 2009.

9.

During his employment plaintiff was subjected to a racially hostile work environment by

his supervisor, defendant Rick Verlini.   He complained about the work environment and was

then discharged from his employment because of his race and because of his opposition to

unlawful discrimination on account of race.

### FIRST CLAIM FOR RELIEF
### (Discrimination Due To Race—Title VII, 42 U.S.C. § 2000e)
### (Against Defendant Oregon State University)

10.

From June, 1999 through March, 2001, defendant University engaged in conduct that

created a hostile work environment for plaintiff on the basis of his race in violation of 42 U.S.C. § 2000e-2(m), and then terminated his employment.

11.

A motivating factor in creating the hostile work environment and terminating plaintiff's employment was Plaintiff's race and/or color.

12.

Plaintiff is entitled to compensatory damages in the way of back pay and front pay, in amounts to be proved at trial, and for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the amount of $300,000.00.

13.

Plaintiff is entitled to attorney fees under 42 U.S.C. § 1988(b), (c).

## SECOND CLAIM FOR RELIEF
### (Retaliation—Title VII, 42 U.S.C. § 2000e)
### (Against Defendant Oregon State University)

14.

Plaintiff engaged in protected activity by his opposition to unlawful employment practices;

15.

Defendants University and Rick Verlini took adverse action against plaintiff by creating a hostile work environment directed at plaintiff and by terminating plaintiff's employment.

16.

A causal connection exists between the protected activity described in paragraph 14 above and the adverse employment action described in paragraph 15 above.

17.

The retaliation described in paragraphs 14-16 above is unlawful under 42 U.S.C. § 1981.

18.

Plaintiff is entitled to compensatory damages in the way of back pay and front pay, in amounts to be proved at trial, and for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the amount of $300,000.

19.

Plaintiff is entitled to attorney fees under 42 U.S.C. § 1988(c).

**THIRD CLAIM FOR RELIEF**
**(Discrimination Due To Race—42 U.S.C. § 1981)**

20.

Defendants created a hostile work environment for plaintiff on the basis of his race in violation of 42 U.S.C. § 1981.

21.

A motivating factor in the decision of defendants to terminate plaintiff's employment was plaintiff's race and/or color in violation of 42 U.S.C. § 1981.

22.

Plaintiff is entitled to compensatory damages in the way of back pay and front pay, in amounts to be proved at trial, and for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the amount of $300,000.00.

23.

Plaintiff is entitled to attorney fees under 42 U.S.C. § 1988(b), (c).

Page 5 -   **COMPLAINT**

24.

Plaintiff is entitled to punitive damages in the amount of $300,000.00.

### FOURTH CLAIM FOR RELIEF
### (Violations of 42 U.S.C. § 1983)

25.

At all times material, defendant Verlini was a person acting under color of state law and

deprived Plaintiff of rights secured by the Constitution or federal law in the manner described

below.

26.

Defendant University and defendant Verlini, were motivated by plaintiff's race and/or

color when they created a hostile work environment directed toward plaintiff and then terminated

his employment.

27.

In so doing, defendant University and defendant Verlini were acting under color of state

law and violated plaintiff's right to substantive due process under the equal protection clause of

the 14th Amendment to the United States Constitution.

28.

Plaintiff is entitled to compensatory damages in the way of back pay and front pay, in

amounts to be proved at trial, and for future pecuniary losses, emotional pain and suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the

amount of $300,000.00.

29.

Plaintiff is entitled to his attorney fees, including expert witness fees, under 42 U.S.C. §

1988(b), (c).

30.

Plaintiff is entitled to punitive damages in the amount of $300,000.00.

## FIFTH CLAIM FOR RELIEF
## STATE LAW CLAIMS
### Discrimination and Retaliation Due to Race
### (ORS 659A.030(a) and(ORS 659A.030(f))

31.

The aforementioned acts and omissions constitute violations of ORS 659A.030(a) in that defendant University and defendant Verlini, motivated by plaintiff's race or color, terminated plaintiff's employment.

32.

The aforementioned allegations are also a violation of ORS 659A.030(f) in that defendant University and defendant Verlini, motivated by plaintiff's opposition to illegal employment practices,  terminated plaintiff's employment.

33.

Plaintiff is entitled to compensatory damages in the way of back pay and front pay, in amounts to be proved at trial, and for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the amount of $300,000.00.

34.

Under ORS 659A.885 Plaintiff is entitled to reasonable costs and attorney fees.

35.

Under ORS 659A.885 Plaintiff is entitled to punitive damages in the amount of $300,000.00.

**WHEREFORE,** plaintiff prays for relief as follows:

1. On plaintiff's First Claim for Relief against Defendant Oregon State University:

a. for compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the amount of $300,000.00;

b. for back pay in an amount to be proved at trial;

c. for front pay in an amount to be proved at trial;

d. for attorney fees, including expert witness fees, under 42 U.S.C. § 1988(b), (c);

2. On plaintiff's Second Claim for Relief against Defendant Oregon State University:

a. for compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the amount of $300,000.00;

b. for back pay in an amount to be proved at trial;

c. for front pay in an amount to be proved at trial;

d. for attorney fees, including expert witness fees, under 42 U.S.C. § 1988(b), (c);

3. On plaintiff's Third Claim for Relief against Defendant University and Defendant Verlini:

a. for compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the amount of $300,000.00;

b. for back pay in an amount to be proved at trial;

c. for front pay in an amount to be proved at trial;

d. for attorney fees, including expert witness fees, under 42 U.S.C. § 1988(b), (c).

e. for punitive damages in the amount of $300,000.00;

Page 8 -   **COMPLAINT**

4. On plaintiff's Fourth Claim for Relief against Defendant University and Defendant Verlini:

      a.  for compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the amount of $300,000.00;

      b.  for back pay in an amount to be proved at trial;

      c.  for front pay in an amount to be proved at trial;

      d.  for attorney fees, including expert witness fees, under 42 U.S.C. § 1988(b), (c).

      e.  for punitive damages in the amount of $300,000.00;

5. On plaintiff's Fifth Claim for Relief against Defendant University and Defendant Verlini:

      a.  for compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in the amount of $300,000.00;

      b.  for back pay in an amount to be proved at trial;

      c.  for front pay in an amount to be proved at trial;

      d.  for attorney fees, under ORS 659A.885.

      e.  for punitive damages under ORS 659A.885 in the amount of $300,000.00;

//

//

//

//

//

**PLAINTIFF DEMANDS TRIAL BY JURY**


DATED this 23rd day of September, 2010


Paul L. Breed, OSB #83161
Attorney for Plaintiff
Yamhill Plaza Building
815 S.W. Second Ave, Suite 500
Portland, Oregon 97204
(503) 226-1403
plb@plbreed.net